## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>JORGE CINTRON FERNANDEZ<br><br>Defendant. | **CRIMINAL NO. 00-78(PG)** |

### UNITED STATES' MOTION REGARDING SUPERVISED RELEASE

COMES NOW the United States of America by and through the undersigned attorneys and very respectfully prays as follows:

Before the Court is the above-captioned defendant's *pro se* motion requesting that his previously served term of supervised release count for the current term of Court ordered probation. (Docet #147). For the reasons set forth below, the United States opposes defendant's request for early termination.

### PROCEDURAL BACKGROUND

On January 28, 2005, this Honorable Court issued an amended judgment in the above-captioned case. In said judgment, the Court sentenced the defendant to a term of probation of two years as to Counts One and Six, to be served concurrently to each other. The Court also provided that the defendant pay a special monetary assessment of $100, per count of conviction.

### DEFENDANT'S MOTION

On July 27, 2005, defendant filed a *pro se* motion requesting that the time he originally spent of supervised release, after his initial sentence in 2002, be credited for and actually count for the two-year period of probation imposed by the Court in January of 2005. (Docket #147). In his motion,

2

defendant indicates that he has been working very hard and has been able to successfully maintain his business for the past several years.

**APPLICABLE LAW**

Title 18, United States Code, Section 3564(c) allows the Court to " . . .terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."

**GOVERNMENT'S ARGUMENT**

The United States submits that this Court should not allow defendant's request to terminate his period of probation at this point. Currently, the defendant has not served one year of probation as required by statute. Thus, he does not meet the first requirement of Title 18, United States Code, Section 3564(c). Moreover, the fact that defendant is complying with his conditions of probation does not warrant a termination order from the Court. To the contrary, defendant is doing exactly what is expected from the Government and this Honorable Court. His reward for doing so is avoiding a revocation of his term of probation, and should not be granted an early termination of his supervision period. Finally, the United States believes that this defendant needs the structure, supervision, and expertise that he receives from the United States Probation Office.

Accordingly, the United States respectfully requests that this Honorable Court deny defendant's *pro se* motion for early termination of probation.

3

WHEREFORE, the United States respectfully requests that this Honorable Court deny defendant's *pro se* motion for early termination of probation.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of August, 2005.

**H.S. GARCIA**
**United States Attorney**


**s/Timothy R. Henwood**
**Timothy R. Henwood**
**USDC No. 218608**
**Assistant United States Attorney**
U.S. Attorney's Office
Torre Chardon, Suite 1201
Carlos Chardón Ave.
Hato Rey, PR 00918
Tel. (787) 766-5656
Fax (787) 766-5326

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

At Hato Rey, Puerto Rico, August 15, 2005.

s/Timothy R. Henwood
USDC No. 218608
Assistant United States Attorney