**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>JORGE CINTRON FERNANDEZ a/k/a JORGE CINTRON, JR.,<br><br>　　　Defendant. | CR. NO.00-078-03(PG) |

**ORDER**

On February 20, 2001 defendant Jorge Cintron-Fernandez plead guilty to Counts one (1) and six (6) of the Indictment (Docket No. 1) charging violations of Title 18 U.S.C. §§ 371 and 371, as well as Title 21 U.S.C. §§ 333(a)(2) and 331(K). (Docket No. 61.)  On November 13, 2002, the defendant was sentenced to five (5) months of imprisonment as to each of counts one (1) and six (6), to be served concurrently with each other.  The defendant was ordered to be placed in home confinement in lieu of incarceration, to be followed by a three (3) year term of supervised release as to each count, to be served concurrently with each other. (Docket No. 110.) A Special Mandatory Assessment of $200.00 and a Fine in the amount of $6,000.00 were also imposed.  The same were paid on February 20, 2001 and April 11, 2003, respectively. (Docket No. 126.)

On November 13, 2002, defendant's five (5) month home confinement term commenced. Consequently, his supervised release term commenced on April 11, 2003. On February 4, 2002, the defendant's case was closed for re-sentencing purposes after completion of approximately nine (9) months.

On February 3, 2004, however, the Court of Appeals for the First Circuit reversed this Court's judgment and remanded the case for re-sentencing.  Accordingly, on January 28, 2005, the defendants was re-sentenced to two (2) years of probation and commenced his supervision term.

(Docket No. 146.)

On July 27, 2005, defendant filed a pro-se motion requesting that the time he served on supervised release be counted and considered as part of the Probationary Term subsequently imposed. (See Docket No. 147.)

The Court referred the matter to the U.S. Probation Office which rendered a memorandum stating they had no objection to defendant's request particularly in light of Mr. Cintron-Fernandez' adequate compliance with all conditions of supervision. Furthermore, they indicated that there are no statutory provision that control the issue of credit for probation and/or supervise release and that they had not found any case law on point.

Upon reviewing defendant's motion and the Probation Office's memorandum, the Court concurs with their assessment of Mr. Cintron-Fernandez' case. Defendant has always abided by the conditions of supervision imposed on him and has diligently paid his debt to society. Defendant has made amends of his past transgressions as evidenced by his present work endeavors including the establishment of a new business.

More importantly, there are no statutory provisions which control this issue and the Court has not found cases that directly apply.  That being so, we find that the interests of justice do not merit, in view of defendant's prior successful compliance with the Court imposed terms of supervised release, that he be penalized again by having him complete the two (2) years probationary period imposed of January 28, 2005.

Therefore, the Court GRANTS defendant's motion. (Docket No. 147.)

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 25, 2005.

                                                S/ JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE